```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON,            :

        Plaintiff,               :

        vs.                      :    No. 3:05cv0245(WIG)

COMMISSIONER THERESA C. LANTZ,   :
WARDEN DAVID STRANGE,
CAPTAIN JOEL CRESCENTINI,        :

        Defendants.              :
------------------------------X
```

## RULING ON PENDING MOTIONS IN LIMINE

Pending before the Court are three Motions in Limine, Defendants' Motion in Limine [Doc. # 68], Plaintiff's Motion in Limine to Exclude Plaintiff's Criminal Convictions [Doc. # 70], and Plaintiff's Motion in Limine to Exclude Plaintiff's Disciplinary Record [Doc. # 72].

### I.  Defendants' Motion in Limine

Defendants ask the Court to prevent Plaintiff from introducing into evidence testimony and/or documentary evidence of (1) litigation brought by Plaintiff or any other inmate against the Department of Corrections ["DOC"] other than the instant case; (2) the disciplinary records of inmates Soto, Marsden, and Beltran; (3) evidence of inmate Beltran's conviction for possession of a weapon; (4) the Remi Acosta letter regarding the dismissal of charges against Plaintiff; and (5) Warden David Strange's Memorandum regarding Inmate Razor Safety.

1

### (1) History of Litigation Against DOC

Defendants seek to exclude this evidence as irrelevant, immaterial, confusing to the jury, and prejudicial to Defendants. FRE 401-403 & 404(b).  Additionally, they assert that it is objectionable on hearsay grounds.  Plaintiff responds that he does not intend to introduce evidence of other litigation to establish Defendants' propensity for civil rights violations but, rather, he would seek only to introduce evidence of lawsuits filed by other inmates against DOC, involving assaults with razor blades, to demonstrate notice of this type of incident.  This evidence, he asserts, is relevant to his deliberate indifference claim.  Moreover, Plaintiff's counsel states that it is not her intention to introduce the actual complaints, but rather to use them to refresh a witness's recollection about these incidents if necessary, thus avoiding a hearsay problem.

The Court agrees with Plaintiff that evidence of other incidents may be admitted for the purpose of proving knowledge on the part of Defendants of similar incidents and the need to protect against further incidents, see FRE 404(b), but this evidence must be limited to incidents at Osborn involving assaults by inmates with razor blades which occurred prior to the assault that is the subject of this lawsuit.  See Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995) (holding that to prove deliberate indifference, the plaintiff must show that the

2

need for more or better supervision to protect against constitutional violations was obvious, which can be demonstrated through proof of repeated complaints of civil rights violations); Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986) ("[w]hether or not the claims had validity, the very assertion of a number of such claims put the City on notice that there was a possibility that its police officers had used excessive force"), cert. denied, 480 U.S. 922 (1987); Galindez v. Miller, 285 F. Supp. 2d 190, 197 (D. Conn. 2003) (holding that plaintiff may meet his burden of proving deliberate indifference by demonstrating that the need for more supervision to protect against excessive force was obvious from the repeated complaints of civil rights violations - apart from the merits of such claims - and the absence or inadequacy of investigations or actions by the municipality to prevent future incidents).  Moreover, the lawsuits would not be hearsay if offered by Plaintiff for the purpose of proving something other than the truth of matters asserted therein, such as for the purpose of showing that Defendants had notice or knowledge.  See Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991).  Thus, the Court denies Defendants' Motion in Limine to exclude evidence of other lawsuits against DOC to the extent set forth above.

(2) Disciplinary Records of Inmates Soto, Marsden, & Beltran

Defendants next seek to exclude as irrelevant the

disciplinary records of inmates Soto, Marsden, and Beltran, who were involved in the assault against Plaintiff that gave rise to this lawsuit. Defendants argue that Plaintiff has not alleged that they had personal knowledge of these inmates' disciplinary records prior to the incident.

Plaintiff notes that Defendants do not deny that they had knowledge of these disciplinary records and states that he seeks to introduce these records to counter their anticipated defense that Plaintiff, who is larger in stature than these other inmates, instigated the fight. He believes that the inmates' history of discipline for assaults and fighting is relevant to counter this charge and to establish the inherent danger in Defendants' deliberately failing to enforce the Department's razor policy.

The Court will not allow the other inmates' disciplinary records to be introduced to show that they were the aggressors. FRE 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). The Court will, however, allow these records to the extent that they show these particular inmates had a history of being disciplined for assaults, fighting, or the use of razors or similar instruments to assault other inmates, if the Plaintiff can show that Defendants had knowledge of the disciplinary records. These records are

relevant to the issue of Defendants' notice of the type of harm they might inflict and the level of protection that needed to be afforded the other inmates. Moreover, these inmates are not defendants in this action and will not be prejudiced by the introduction of these records. To the extent that the inmates' prison records reflect discipline for matters unrelated to those set forth above, they are not admissible.

### (3) Inmate Beltran's Conviction for Weapon Possession

Although Defendants raised this issue in their motion, they have not addressed this in their supporting memorandum. Plaintiff has listed as an exhibit for trial "certified conviction of Inmate <u>Marsden</u> for possession of a weapon or dangerous instrument in a correctional institution." (Trial Mem. at 7, #7)(emphasis added). To the extent that Defendants were seeking to exclude this exhibit pertaining to Marsden, not Beltran, the Court grants in part and denies in part the motion in limine to the same extent set forth in section (2) above.

### (4) Letter to Remi Acosta re. Dismissal of Disciplinary Charges Against Plaintiff

Plaintiff's counsel has indicated that she intends to introduce evidence that Plaintiff was ultimately absolved of any involvement in the inmate assault and intends to do this primarily through a letter written by Remi Acosta, the District Administrator, stating that the disciplinary charges against Plaintiff were dismissed. Defendants want to exclude this

evidence as irrelevant to the claims asserted in this case and as hearsay.

To the extent that Defendants introduce any evidence that Plaintiff instigated this argument or was the aggressor or was in any other way responsible for the incident, Plaintiff may introduce this letter as rebuttal evidence. The Court is unable to address the hearsay issues raised by Defendants because the letter has not been produced. However, Plaintiff may not introduce this evidence to show his good character or that he was not the aggressor if Defendants do not first open the door on this issue.

(5) Defendant Strange's Memo on Razor Safety

Lastly, Defendants object to Plaintiff's exhibit, Memorandum from Warden David Strange regarding Inmate Razor Safety, which became effective approximately ten months prior to the incident, on grounds that it constitutes hearsay within hearsay and that it is cumulative of testimony from Defendant Strange himself. Plaintiff correctly responds that the cumulative nature of the evidence cannot be evaluated until trial. However, the Court anticipates that there will be little merit to such an objection if raised at trial.

The Court has not seen the memorandum and, therefore, cannot evaluate the "hearsay within hearsay" objection raised by Defendants. However, it appears that this Memorandum in general

would be an admission of a party opponent and, thus, not hearsay. See FRE 801(d)(2). It may also come in under the public records exception, FRE 803(8), since it appears from the parties' description of this document that it was prepared by Warden Strange in his capacity as warden of the correctional institute to document an official policy of the Department, and that it was posted throughout Osborn Correctional Institute to notify the correctional officers of this policy. Thus, at this time, until the Court has an opportunity to review the document, the Court denies Defendants' motion to exclude this memorandum as hearsay withing hearsay, without prejudice to renewal at trial.

## II. Motion to Exclude Plaintiff's Criminal Convictions

Defendants seek to introduce evidence of Plaintiff's 2000 criminal convictions for burglary in the first degree, risk of injury to a child, and criminal mischief in the first degree, the fact that he received a seven-year sentence and five years probation, and the date of his crimes for purposes of impeaching his credibility. See James v. Tilghman, 194 F.R.D. 402, 405 (D. Conn. 1999). Plaintiff asks the Court to exclude this evidence because of its potential prejudice, which far outweighs any probative value it might have. FRE 609. Defendants respond that this evidence is probative of Plaintiff's credibility as to his actions and his knowledge prior to, during, and after the assault, as well as his bias against correctional officers and

7

his motive to lie.  They argue that "his convictions shed light on any impression the jury may otherwise [form], that he is a model citizen coming forward as a whistle-blower to address the alleged wrongs of the defendants."  (Defs.' Mem. at 3).

The Court doubts that the jury will have an impression of Plaintiff as a model citizen given the fact that the assault took place in a state correctional facility where he was incarcerated. The Court also does not understand how these particular convictions evidence a bias against law enforcement officials since his crimes did not involve acts against law enforcement officials.

The real issue is whether this evidence should be admitted under FRE 609(a)(1)[1] for purposes of attacking Plaintiff's credibility as a witness.  The Government bears the burden of showing that the probative value of this evidence outweighs it prejudicial effect. United States v. Hayes, 553 F.2d at 828. After weighing the relevant factors, including the nature of the convictions, the time that has elapsed, the importance of Plaintiff's credibility to the underlying claim, and the potential for prejudice to Plaintiff in admitting this evidence,

---

[1] Defendants do not argue that it is admissible under FRE 609(a)(2), which pertains to crimes involving dishonesty or false statement. See generally United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (discussing the types of crimes that fall within FRE 609(a)(2) and holding that burglary does not come within this provision).

8

see 1 McCormick on Evidence § 42 (6th ed. 2006), the Court finds that the Government has failed to carry its burden in this regard and that this evidence should not be admitted.

Defendants maintain that Plaintiff's credibility is critical in this case because of the "divergent reasons why the incident occurred, as well as the potential source of the razorblade used during the incident." (Defs.' Mem. at 5). Plaintiff points out that DOC's investigation of the incident absolved Plaintiff of any wrongdoing and, thus, led to the same conclusions to which Plaintiff will testify. Therefore, Plaintiff's credibility on these points will not be an issue. The only possible reason for Defendants' seeking to introduce this evidence is to prejudice Plaintiff by suggesting a propensity for misconduct or that he was the aggressor. Moreover, Plaintiff argues, the issue in this case is not who started the assault or the source of the razorblade, but rather Defendants' conduct in preventing the assault to Plaintiff.

Under FRE 404(b), evidence of other crimes or convictions is not admissible to prove the character of a person in order to show acts in conformity therewith. As Plaintiff points out, the jury will be aware that Plaintiff was incarcerated and remains incarcerated. Additional evidence as to the specific crimes for which Plaintiff was incarcerated has little probative value, but carries the potential for significant prejudicial impact. See

FRE 403. Therefore, the Court will grant Plaintiff's motion in limine to exclude this evidence.

   III.  Motion to Exclude Plaintiff's Disciplinary Record

Plaintiff has also asked the Court to exclude evidence of Plaintiff's pre-incident DOC Disciplinary History, which includes 31 tickets for giving false information, disobeying a direct order, possession of contraband, fighting and attempted assault on a DOC employee. Defendants argue that this evidence should be admitted to show his disrespect, dislike, and bias against correctional officers and his lack of veracity. Plaintiff argues that this evidence is not relevant to the issue in this case, whether Defendants were deliberately indifferent to Plaintiff's safety and security.

Initially, the Court notes that the disciplinary tickets themselves are hearsay and inadmissible. Martino v. Korch, 131 F. Supp. 2d 313, 315-16 (D. Conn. 2000). As discussed above, to the extent that Defendants seek to introduce this evidence for the purpose of showing Plaintiff's propensity for violent behavior, FRE 404(b) prohibits its admission. To the extent that this evidence might be probative of Plaintiff's like or dislike of correctional officers, the Court finds that it is not relevant to the issues involved in this lawsuit. As for the admissibility of this evidence to show Plaintiff's lack of veracity, it is not admissible under FRE 609, which pertains to criminal convictions,

and under FRE 608(b), specific instances of the conduct of a witness, sought to be introduced for the purpose of attacking the witness' character for truthfulness, may not be proved by extrinsic evidence, other than convictions for crimes, as provided in FRE 609. To the extent that Defendants seek to introduce this evidence under FRE 402, the Court finds that, given the potential for this evidence to be unfairly prejudicial and its limited probative value, if any, this evidence should be excluded under FRE 403. See Hynes v. Coughlin, 79 F.3d 285, 290-91 (2d Cir. 1996) (holding that where there was no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a "penchant for violent conduct") (internal quotation marks and citations omitted). Therefore, the Court grants Plaintiff's Motion in Limine.

## Conclusion

For the reasons set forth above, the Court denies Defendants' Motion in Limine [Doc. # 68] except to the limited extent set forth above and grants Plaintiff's Motions in Limine [Doc. ## 70 & 72].

SO ORDERED, this ___9th___ day of September, 2008, at Bridgeport, Connecticut.

                                         /s/ *William I. Garfinkel*
                                             WILLIAM I. GARFINKEL
                                             Unites States Magistrate Judge