```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON,            :

        Plaintiff,               :

        vs.                      :      No. 3:05cv0245(WIG)

COMMISSIONER THERESA C. LANTZ,:
WARDEN DAVID STRANGE,
CAPTAIN JOEL CRESCENTINI,        :

        Defendants.              :
------------------------------X
```

RULING ON PENDING MOTIONS

Pending before the Court are three motions: Plaintiff's Motion to Comply with Discovery [Doc. No. 93], Defendants' Motion to Enforce Settlement Agreement [Doc. No. 98], and Plaintiff's Motion entitled "Failure to Make Disclosure or Cooperate in Discovery, Rule 37" [Doc. No. 100]. For the reasons discussed below, the Court **denies** Plaintiff's Motions to Compel [Doc. Nos. 93 & 100], and **grants** Defendants' Motion to Enforce Settlement Agreement [Doc. No. 98].

Discussion

An agreement to settle this case was reached twice. First, on October 6, 2008, following the completion of jury selection for a trial which was to commence on October 16, 2008, the parties reached an oral agreement to settle this case along with

1

two other federal cases[1] and six state cases[2] for the sum of $5,000.00.  Throughout the negotiations, Plaintiff was represented by very able and competent pro bono counsel, Attorney Allison Near.  The settlement was reported to the Court, the jury was dismissed, and a hearing was scheduled for the purpose of placing the settlement on the record.

Plaintiff's counsel subsequently reported to the Court that her client was attempting to withdraw his oral acceptance of the settlement offer.  Several weeks later, however, Plaintiff's counsel reported that her client had reconsidered and was willing to accept the settlement offer.  The agreement was then reduced to writing, and a document entitled "Settlement Agreement and Release" was signed by the Plaintiff in the presence of his attorney on October 30, 2008, and then signed by Assistant Attorney General Robert B. Fiske, III, on behalf of the Defendants on October 31, 2008.  Before the settlement proceeds could be disbursed, however, Plaintiff's counsel, and later Plaintiff himself, advised counsel for the Defendants that

---

[1] The other two federal cases are <u>Bourquignon v. UCONN Health Center, et al.</u>, Case No. 3:05cv1533(WIG), and <u>Bourquignon v. Armstrong, et al.</u>, Case No. 3:06cv259(WIG).

[2] The state court cases are <u>Bourquignon v. Lantz, et al.</u>, Case No. CV-06-5005090-S, <u>Bourquignon v. McGill, et al.</u>, Case No. CV-07-5011362-S, <u>Bourquignon v. Dzurenda, et al.</u>, Case No. CV-07-5011675-S, <u>Bourquignon v. CT DOC Commissioner, et al.</u>, Case No. CV-08-5016421-S, <u>Bourquignon v. Smith, et al.</u>, Case No. CV-08-5106237, and <u>Bourquignon v. Morris, et al.</u>, Case No. CV-8-5010499-S.

Plaintiff was no longer interested in a settlement. Attorney Allison Near was subsequently granted permission to withdraw as counsel for Plaintiff due to irreconcilable conflicts that had developed between her and her client. Defendants now move to enforce the settlement agreement.

Under both state and federal common law, a settlement agreement is a contract and is interpreted according to general principles of contract law. Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443-44 (2d Cir. 2005); Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 323 (2d Cir. 1997). A contract is binding if the parties mutually assent to its terms, even if it is not signed.[3] Omega Engineering, 432 F.3d at 444 (citing Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005)).

It is also well-settled that an agreement to settle a lawsuit is binding on the parties. Audubon Parking Assocs. Ltd. P'ship v. Barclay & Stubbs, Inc., 225 Conn. 804, 811 (1993). Once reached, the agreement cannot be repudiated by either party even if one of the parties subsequently changes his or her mind.

---

[3] Where a settlement agreement has not been signed, Connecticut courts determine whether there has been mutual assent using a three-part test. "The parties' intent is determined from the (1) language used, (2) circumstances surrounding the transaction, including the motives of the parties, and (3) purposes which they sought to accomplish." Omega Engineering, 432 F.3d at 444; see also Brandt v. MIT Development Corp., 552 F. Supp. 2d 304, 320 (D. Conn. 2008). In this case, because the settlement agreement culminated in a signed agreement, the Court need not address these three factors. However, if the Court were to address them, it would find that all had been met.

Id.

The trial court has the inherent power to enforce a settlement agreement when the terms of the agreement are clear and unambiguous.  Id.  This is especially true when the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.  Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986).

Here, the signed Settlement Agreement and Release constituted a final and legally binding contractual agreement between the Plaintiff and the Defendants to settle the nine cases referenced therein for the agreed-upon sum of $5,000.00.  The Agreement was set forth in clear and unambiguous language, and the document was signed by both parties.  Plaintiff agreed to withdraw this action (as well as eight other pending actions) in consideration for the receipt of $5,000.00 within thirty days of signing the Settlement Agreement and Release provided that Plaintiff had withdrawn all nine actions.

The fact that Plaintiff has reconsidered his decision to settle his cases after agreeing to the settlement does not negate this legally binding settlement agreement.  Second-guessing a decision or even experiencing severe remorse over a deal that has been made does not excuse a party's performance of the agreement nor allow him to renege on the agreement.

The Court notes that during the entire settlement process

Plaintiff was represented by very able and competent counsel. The Court observed her interactions with Plaintiff, her concerns over his pending deportation, her efforts to explain legal matters to him, her diligence in prosecuting his cases.  The Court has no doubt that Plaintiff understood the terms of the settlement agreement and that there was a meeting of the minds.

The Court further notes that the agreement to settle this case was reached after a jury had been selected.  To refuse to enforce the settlement would be a waste of judicial resources and would encourage manipulation of the judicial system.

The Court finds that the Settlement Agreement and Release is binding on the Plaintiff and, therefore, grants the Defendants' Motion to Enforce [Doc. No. 98].  Plaintiff is directed to immediately file a notice of dismissal with prejudice in this case, as well as the other eight cases set forth in the Agreement.  Once these dismissals are filed, Defendants are ordered to tender to Plaintiff the sum of $5,000.00.  If Plaintiff fails to file a dismissal with prejudice within fourteen (14) days of the date of this Ruling in this case and the two other federal cases pending in this Court before the Undersigned, the Court will enter dismissals with prejudice.

Because this case has been settled, Plaintiff's motions to compel discovery [Doc. Nos. 93 & 100] are denied as moot.

SO ORDERED, this ___21st___ day of January, 2009, at

Bridgeport, Connecticut.

                                        */s/ William I. Garfinkel*
                                        WILLIAM I. GARFINKEL
                                        United States Magistrate Judge